UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBBIE REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-865(CEJ) |
| | ) |
| BUDZIK & DYNIA, LLC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Budzik & Dynia, LLC ("B&D"), pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff brings this action to recover damages for defendant's acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The summons and a copy of the complaint were served on defendants on October 25, 2011. Defendant did not file an answer or other responsive pleading and, on January 4, 2012, the Clerk of Court entered default against defendant.

**I. Background**

Plaintiff alleges that defendant B&D is engaged in the business of collecting debts owed to third parties. Plaintiff claims that B&D employees committed the following acts in violation of the FDCPA:

> 1. Left a series of phone messages on plaintiff's residential phone line during April, 2011 in an effort to collect on a debt which was allegedly originally owed to another entity not a party to this litigation;

> 2. Failed to indicate in the phone messages that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

> 3. Failed to provide meaningful disclosure of defendant's identity in the phone messages, in violation of 15 U.S.C. § 1692d(6).

Plaintiff sets forth facts supporting her allegations in an affidavit submitted with her motion for default judgment. She seeks an award of statutory damages in the amount of $1,000.00, and attorneys' fees and costs in the amount of $2,185.00.

II.     Discussion

In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors," § 1692(a), and debt collectors are liable for failure to comply with "any provision" of the Act. § 1692k(a). The FDCPA prohibits a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d; using "any false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e; and using "unfair or unconscionable means" to collect any debt, 15 U.S.C. § 1692f. In determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004); Peters v. General Serv. Bureau, Inc., 277 F.3d 1051, 1055

(8th Cir. 2002). Any debt collector who fails to comply with any provision of the FDCPA is liable for "actual damages sustained by such person," "such additional damages as the court may allow, but not exceeding $1,000," and, in a successful action to enforce the FDCPA, "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(1)-(3). In determining the amount of liability, the Court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Based on the allegations in the complaint, which the defendant has admitted through its default, and the evidence presented in plaintiff's affidavit, the Court finds that the defendant has violated provisions of the FDCPA.

The FDCPA provides for statutory damages in an amount up to $1,000.00 for each lawsuit, § 1692k(a)(2)(A), in addition to any actual damages. See Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation"). In determining the amount of statutory damages to be awarded in a particular case, a court shall consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

In this instance, defendant left a series of phone messages on plaintiff's residual phone line. Plaintiff failed to indicate that the communication was from a debt collector or to provide meaningful disclosure of defendant's identity. Under these circumstances, the Court concludes that plaintiff is entitled to $1,000.00 in statutory damages. See Missey v. Watson Acquisition Group, LLC, 4:11-CV-00865 (AGF) (E.D.

Mo. Mar. 10, 2011) (awarding $1,000.00 statutory damages where defendant made false representations and used deceptive means in the attempt to collect the debt, and at the same time left several phone messages at plaintiff's mother's residence disclosing that plaintiff owed a debt).

Plaintiff's counsel has submitted an exhibit detailing the legal work performed in connection with this case. Upon review, the Court finds that the number of hours expended and the hourly rate for plaintiff's attorney are reasonable. Therefore, the Court will award plaintiff $1.760.00 in attorney's fees plus $425.00 for the costs of filing the complaint and serving the summonses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #12] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2012.